**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK STEPHEN WICKLUND, | No. 12-35294 |
| Plaintiff - Appellee, | D.C. No. 1:09-cv-00674-EJL-CWD |
| v. | |
| IDAHO DEPARTMENT OF CORRECTIONS; IDAHO COMMISSION OF PARDON AND PAROLE; STATE OF IDAHO; KEN BENNETT; MOIRA LYNCH; WILLIAM C. YOUNG; BRANDON SUTHERLAND, | MEMORANDUM[*] |
| Defendants - Appellants, | |
| and | |
| SANE SOLUTIONS; TERRY REILLY HEALTH SERVICES; MELISSA MESO; MARK MCCULLOUGH; HEIDI HART, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted November 3, 2015[]
Portland, Oregon

Before:  FISHER, BERZON and WATFORD, Circuit Judges.

Defendant Ken Bennett, the Director of Probation and Parole for the Fourth Judicial District of Idaho, appeals the district court's denial of his motion for summary judgment based on qualified immunity.  We have jurisdiction under 28 U.S.C. § 1291, *see Mattos v. Agarano*, 661 F.3d 433, 439 (9th Cir. 2011) (en banc), we review de novo, *see id.*, and we affirm.

We follow the two-pronged approach to qualified immunity claims established in *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  We first consider whether the facts "[t]aken in the light most favorable to the party asserting the injury . . . show the [defendant's] conduct violated a constitutional right." *Id.*  If so, we then consider whether the right was "clearly established" at the time of the alleged violation. *Id.*  Because, viewing the evidence in the light most favorable to Wicklund, both prongs are satisfied, the district court properly denied summary judgment.

---

[**]The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1. Probationer Mark Wicklund says Bennett violated his constitutional rights by threatening to jail him if he pursued conduct protected by the First Amendment. A viable claim of First Amendment retaliation in this context entails five elements: (1) An assertion that a state actor took adverse action against the plaintiff (2) because of (3) the plaintiff's protected conduct, and that such action (4) chilled the plaintiff's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Wicklund has presented evidence that, if taken as true, would satisfy all five elements. "[T]he mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) (emphasis omitted). The alleged threat was made because of Wicklund's First Amendment-protected conduct in pursuing litigation against the county prosecutor's office and a polygrapher outside his court-ordered therapy sessions.[1] Threatening to jail Wicklund "would chill or silence a person of ordinary firmness from future First Amendment activities." *Id.* at 1271 (emphasis omitted) (quoting *Rhodes*, 408 F.3d at 568). Retaliation is "not a reasonable exercise of prison

---

[1] Restraints on Wicklund's disruptive behavior *during* his court-ordered therapy sessions did not violate his First Amendment rights.

3

authority and . . . [does] not serve any legitimate correctional goal." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Therefore, Wicklund has presented evidence of a constitutional violation.

2. It was clearly established before 2009 that government officials could not impose punishment for First Amendment-protected conduct. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("[T]he prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes."). Wicklund's First Amendment right to publicly air his grievances and pursue litigation against the county prosecutor's office and the polygrapher has been clearly established for decades. *See, e.g.*, *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995); *Rhodes*, 408 F.3d at 567.

**AFFIRMED.**